UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

DARRYL WILLIAMS, )
)
    Plaintiff, )
)
    v. ) 14-CV-3248
)
LIEUTENANT LAW AND )
JOHN DOES 1-6, )
)
    Defendants. )

## MERIT REVIEW OPINION

MICHAEL M. MIHM, U.S. District Judge.

Plaintiff, proceeding pro se and incarcerated in the Western Illinois Correctional Center, seeks leave to proceed in forma pauperis on claims of excessive force.

The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is

plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

Plaintiff alleges that, on April 17, 2014, the prison's tactical unit conducted a routine shake down of Plaintiff's wing, moving all the inmates into the gym for about two hours. The inmates were then escorted back to their housing units. As Plaintiff approached the entrance to his housing unit, tactical unit members allegedly yanked Plaintiff out of line by the head and neck, "rammed" him into a gate, yanked his handcuffed arms upwards causing Plaintiff to scream out in pain, poked Plaintiff with a baton, and then shoved him into his cell. Plaintiff alleges that the attack was unprovoked, that he had been complying with all orders, and that he never received any disciplinary ticket. As a result of the excessive force, Plaintiff suffered "excruciating back pain" and a severely swollen hand which required a trip to the hospital for x-rays. Plaintiff filed a grievance on May 7, 2014, but, as of the filing of his Complaint, still had received no response.

Plaintiff clearly states a claim for excessive force under the Eighth Amendment: force applied maliciously and sadistically for the purpose of causing harm rather than for the purpose of

restoring order. *See* <u>Sanchez v. City of Chicago</u>, 700 F.3d 919, 927 n. 3 (7th Cir. 2012). Plaintiff will need to identify the names of all the members of the tactical team, which he should be able to do by sending a discovery request to Defendant Law's counsel after Defendant Law's counsel has filed an appearance on Defendant Law's behalf. At this point the case will proceed for service.

**IT IS THEREFORE ORDERED:**

1) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states an Eighth Amendment claim for excessive force. This case proceeds solely on the claims identified in this paragraph. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be

denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from the date the waiver is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under

the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel.

11) **The clerk is directed to enter the standard order granting Plaintiff's in forma pauperis petition and assessing an**

**initial partial filing fee, if not already done, and to attempt service on Defendants pursuant to the standard procedures.**

12) **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

13) **The Warden is directed to cause to be preserved all video recordings of the alleged incident on April 17, 2014.**

14) **The clerk is directed to send this order to the Warden of Western Illinois Correctional Center with paragraph 13 highlighted. The clerk is also directed to send a copy of the complaint to the Warden.**

ENTERED: November 20, 2014.

FOR THE COURT:

                                        **_Michael M. Mihm_**
                                     MICHAEL M. MIHM
                             UNITED STATES DISTRICT JUDGE