IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| DARRYL WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 14-cv-03248 |
| ) | |
| LIEUTENANT BRYON LAW, et. al ) | Trial Date: June 19, 2017 |
| ) | |
| Defendants. ) | |

## TRIAL BRIEF

Plaintiff Darryl Williams' ("Williams"), by and through his counsel, Barnes & Thornburg LLP, respectfully submits this Trial Brief objecting to Defendants' presentation of any argument, suggestion, evidence, or testimony that the April 17, 2014 shakedown (the "Incident") was not captured on Western Illinois Correctional Center's ("WICC" or the "Prison") video surveillance system or that Defendants did not have a duty to report the Incident. In support of this Trial Brief, Williams states as follows:

## FACTS AND ARGUMENT

Defendants' counsel has consistently maintained and represented to the Court that WICC's video surveillance system captured video footage depicting the time and place where the Incident occurred on April 17, 2014. Defendants' counsel's repeated statements to that effect constitute judicial admissions which cannot be controverted at trial or on appeal. According to well-established case law, a "judicial admission can be based only on deliberate, clear, and unequivocal statements of fact, not a matter of opinion, estimate, appearance, inference or uncertain memory." *Archer Daniels Midland Company v. Soymet 101, LLC*, 2016 WL 6157943 at *2 (C.D. Ill. 2016).

In Defendants' Response to Plaintiff's Motion for Relief Pursuant to Rule 37(e) (the "Response"), Defendants deliberately, clearly and unequivocally stated that "[t]here are surveillance cameras near this area that would have captured the events on April 17, 2014." [Doc. 97, page 2]. Defendants' counsel made the same representation to the Court during the December 18, 2015 hearing to discuss destruction of the video surveillance evidence:

> **Court:** Oh, I see. Well, then – okay. I assume that, Ms. Vincent, that there would indeed be video of an area like that.
>
> **Ms. Vincent**: Right. That's my understanding, too, Your Honor.
>
> **Court:** Yes. Well, I'm going to need – I'm going to need a follow-up affidavit here explaining why, if there was an incident – and as I said, I'm assuming that there was an incident without assigning blame – why wasn't the video preserved? And what is the source of this taping over every three to ten – every short period of time? Is that something in writing, in a regulation or rule? If so, I want to see a copy of it.

*See* Ex. 1, 6:25-7:14.

Defendants' counsel's statements during the December 18 hearing and in Defendants' Response constitute judicial admissions that the Incident was captured on WICC's video surveillance system. In addition, Defendants' counsel—in an eleventh hour trial brief—has most recently represented to the Court that, "had the incident occurred as alleged, they would have a duty to report it." With the latest judicial admission, Defendants' counsel goes even further beyond simply admitting that the Incident would have been captured on WICC's video surveillance system. Defendants' counsel admits to the Court that if the Incident had occurred, Defendants' had a duty to report, which would have triggered the preservation of the video evidence. An argument that suggests the Incident was not captured or that Defendants' did not have a duty to report the Incident is in direct contradiction to Defendants' counsel's consistent, repeated, and unequivocal judicial admissions to the Court.

Therefore, it is appropriate, in this circumstance for the Court to limit Defendants' presentation of argument, suggestion, evidence, or testimony that the Incident was not captured on WICC's video surveillance system or that Defendants' did not have a duty to report the Incident. *See Archer,* 2016 WL 6157943 at *3. Defendants' counsel's judicial admissions in this matter should preclude the introduction of contradictory testimony and arguments by Defendants.

WHEREFORE, Plaintiff Darryl Williams respectfully requests that the Court enter an Order barring Defendants' presentation of any argument, suggestion, evidence, or testimony that the Incident was not captured on WICC's video surveillance system or that Defendants' did not have a duty to report the Incident.

Dated: June 18, 2017

Respectfully submitted,

DARRYL WILLIAMS

*/s/ Laura Luisi*
One of His Attorneys

Barnes & Thornburg LLP
Anthony J. Burba (#6318666)
Denise A. Lazar (#6256147)
Laura Luisi (#6321034)
Megan K. Weaver (#6324823)
One North Wacker Drive, Suite 4400
Chicago, Illinois 60606
Phone: 312.357.1313

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that on the 18th day of June, 2017, a copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

Ashley Vincent
Assistant Attorney General
Office of the Attorney General
500 South Second Street
Springfield, Illinois 62706
(217) 524-3889

/s/ Laura Luisi